IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN A. DUCKSWORTH,

                Plaintiff,                          OPINION AND ORDER

   v.

                                                        23-cv-567-wmc

AUSTIN KINAS,

                Defendant.

      Plaintiff Brian Ducksworth is a state prisoner representing himself in this 42 U.S.C. § 1983 action and proceeding on First Amendment retaliation and Eighth Amendment excessive force claims against Jackson Correctional Institution Officer Austin Kinas. Ducksworth alleges that, after he filed a grievance against Kinas, Kinas broke his headphones, improperly wrote him up in a conduct report, and intentionally hit him with a cell door. Now before the court is Ducksworth's motion to compel Kinas to produce video footage of him "springing from his chair" on June 3, 2023, and hitting Ducksworth with a cell door on July 1, 2023. Dkt. 18. For the two reasons explained below, Ducksworth's motion will be denied. Also, as set forth below, the court will deny plaintiff's construed motion to amend his complaint. Dkt. 22.

      First, as explained in the court's preliminary pretrial conference order, the court requires the parties to confer about discovery disputes, so that they can work together to resolve the dispute without the court's involvement. Dkt. 16, at 10-11. Ducksworth purports to have conferred with Kinas in a February 10, 2025 letter, but Kinas' attorney, Alexander Thillman, did not receive the letter until February 12, which is the same day that Ducksworth filed the motion to compel. Dkt. 18-1, at 10; Dkt. 20-2. Thus,

Ducksworth did not allow sufficient time to respond before filing his motion to compel. Moreover, Ducksworth's conferral letter did not explain that he sought to discuss the missing videos. Dkt. 18-1, at 10.

Second, even if Ducksworth had properly conferred with Kinas, the court cannot compel Kinas to produce video footage that does not exist. Melissa Gilles, a prison litigation coordinator at Jackson, explains in her declaration that she looked for the June 3 and July 1, 2023 video footage, but she located no digital or physical videos for either date. Dkt. 21, at ¶¶ 17-20. Ducksworth asserts that he asked to preserve the footage on September 23, **2024**, but this was well beyond Jackson's 120-day video retention policy. Dkt. 18-1, at 4; Dkt. 21 at ¶ 7. In fairness to Ducksworth, Gilles also explains that Jackson automatically preserves video footage in situations involving excessive force, dkt. 21, at ¶ 8, and the court is allowing Ducksworth to proceed on an excessive force claim against Kinas for allegedly hitting him with a cell door on July 1, 2023. Dkt. 11. But Gilles explains that prison staff did not initially categorize this incident as involving excessive force because Kinas had written an incident report stating that the situation was an accident, and Jackson's security director determined that Kinas' actions were appropriate. Dkt. 21, at ¶ 11. In fact, Ducksworth himself did not identify the cell-door incident as a potential excessive force claim; rather, the court identified the claim on its own at screening. Given this record, the court will not fault prison officials for not preserving the footage (if it ever existed in the first place).

Finally, Ducksworth asserts that Gilles and Thillman violated his First Amendment right to access the courts by refusing to give him the videos. Dkt. 22, at 2. If Ducksworth

is seeking leave to add First Amendment claims against Gilles and Thillman, that motion will be denied because any First Amendment claims against Gilles and Thillman would be unrelated to his constitutional claims against Kinas. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (plaintiff may bring claims against different defendants in the same lawsuit "only if [those] claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences'" (quoting Fed. R. Civ. P. 20(a)(1)(A)).

## ORDER

IT IS ORDERED that:

1) Plaintiff Brian Ducksworth's motion to compel, dkt. 18, is DENIED.

2) Plaintiff's construed motion for leave to amend his complaint, dkt. 22, is DENIED.

Entered this 23rd day of April, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge