IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN A. DUCKSWORTH,

                Plaintiff,                      OPINION AND ORDER

   v.

                                                   23-cv-567-wmc

AUSTIN KINAS,

                Defendant.

---

Plaintiff Brian A. Ducksworth, a state prisoner, alleges that defendant Correctional Officer Austin Kinas retaliated and used excessive force against him by hitting him in the head with a door to his cell while he was incarcerated at Jackson Correctional Institution. The case is scheduled for a jury trial on February 23, 2026, with a final pretrial conference by video scheduled for February 13 at 10 a.m. This order addresses the parties' motions in limine. Defendant has filed nineteen motions in limine in an omnibus motion.

OPINION

**Defendant's Motions in Limine**

    **1. Exclude evidence regarding dismissed claims or summary judgment**

Defendant seeks to exclude any evidence or argument from plaintiff that:

    a) the June 10 cell search was retaliatory or unconstitutional;

    b) the conduct report was invalid, fabricated, or issued in retaliation;

    c) defendant destroyed plaintiff's property during the search; or

    d) institutional rules and property policies were violated during the search should be excluded;

except for limited evidence necessary to establish that plaintiff filed inmate complaints and the timing and general nature of defendant's knowledge of those complaints.

This motion is GRANTED to the extent that both parties are prohibited from discussing this court's summary judgment opinion or its dismissal of the retaliation claim arising from the June 10 incident. The court RESERVES as to what limited evidence may be relevant related to the June 10 search, and subsequent conduct report, and inmate grievance, and will discuss this with the parties at the final pretrial conference.

### 2. Allow introduction of plaintiff's conduct reports under Rule 608(b)

Defendant seeks to cross-examine plaintiff about two conduct reports in which prison officials found he lied to them under Rule 608(b). Defendant argues that these reports are probative of the plaintiff's character for truthfulness or untruthfulness. This motion is GRANTED in part and DENIED in part. The conduct report arising from the June 10 cell search will be admitted to the extent permissible under the Rules, as outlined in Motion 1. The other conduct report for lying, which does not involve defendant, will be excluded, as the conduct report adjudication has little probative value compared to its substantial prejudicial effect.

### 3. Allow limited impeachment by evidence of criminal conviction

Defendant seeks an order allowing him to impeach plaintiff with evidence of the fact, date, and number of plaintiff's five felony convictions within the past ten years, without identifying the underlying facts. Pursuant to Fed. R. Evid. 609(a)(l), this motion is

GRANTED provided defendant adheres to the single question proposed in the motion. Defendant may only question plaintiff about the specific nature of the crimes of conviction if plaintiff denies having been convicted of five felonies.

### 4. Allow limited cross-examination and evidence on plaintiff's bias and motive

This motion is DENIED in part and RESERVED in part as discussed below.

#### A. Financial Obligations

Defendant requests that the court admit evidence of plaintiff's alleged financial obligations for child support and his monetary demand as proof of his bias and motive to exaggerate his claims for financial gain. This motion is DENIED as to this evidence under Rule 403, since its potential to mislead the jury substantially outweighs its value in showing plaintiff's possible bias. All such references will be excluded.

#### B. June 10 Conduct Report

Defendant requests an order allowing him to testify that:

(1) he conducted a search of plaintiff's cell on June 10, 2023;

(2) he issued Plaintiff a conduct report arising from that search for possession of contraband and lying; and

(3) plaintiff thereafter filed inmate complaints about Kinas and ultimately brought this lawsuit against Kinas.

Consistent with the ruling as to MIL # 1 above, the court RESERVES as to the extent the parties may discuss relevant, admissible information related to the June 10 incident and DENIES to the extent that this motion seeks to introduce evidence of the court's summary

judgment opinion or other dismissed claims.

### 5. Exclude unsupported medical diagnosis, expert opinions, and speculative causation testimony

Defendant seeks to preclude plaintiff from presenting testimony or argument that he suffered a concussion, traumatic brain injury, or other specific medical diagnosis, or that he will require future medical care, unless such opinions are supported by admissible evidence. While plaintiff may testify as to his own observations, experience, and symptoms, as well as seek admission of relevant medical reports, plaintiff may not testify as to what, if anything, he was told by medical staff about his condition at least for the truth of the matter asserted. With this caveat, the motion is GRANTED.

### 6. Exclude any testimony that a medical provider told plaintiff he had a concussion

Plaintiff stated multiple times in his summary judgment materials that Nurses McDonald and Ender diagnosed him with a concussion, and defendant seeks to exclude such statements as inadmissible hearsay and improper lay medical opinion. *See* Fed. R. Evid. 801–802, 701–702. Consistent with the court's ruling as to MIL #5 above, this motion is redundant. However, plaintiff lists both McDonald and Ender as witnesses that he plans to call. Unfortunately, he does not describe whether they would be voluntary or non-voluntary witnesses, or whether he can pay for the fees associated with subpoenas of non-voluntary witnesses. Because plaintiff does not appear to have made arrangements for these witnesses to appear to testify, the court will RESERVE with the understanding that

plaintiff will be limited to medical records to show proof of possible concussion unless able to call the treating nurses to testify.

7. **Exclude declarations/affidavits as substantive evidence and to bar hearsay testimony about the alleged statements of plaintiff's former cellmate Jonathan Cole**

Plaintiff listed his former cellmate Jonathan Cole's declaration as part of his exhibit list, but he does not appear to have arranged for him to appear at trial. Defendant seeks to exclude testimony as to what the cellmate allegedly observed or would say about relevant events as hearsay under Rules 801–802. This motion is GRANTED, and the court will exclude Cole's declaration as inadmissible hearsay. If plaintiff would like Cole to testify, he should notify the court immediately in order to make appropriate arrangements.

8. **Enforce Rule 26(a)(3)(A)(i)**

Defendant requests that the court order plaintiff to supplement his Rule 26(a)(3) disclosures for the limited purpose of identifying whether he intends to testify. If Plaintiff does not timely supplement, defendant requests that plaintiff be precluded under Rule 37(c)(1) from offering testimony or evidence not properly disclosed, including Plaintiff's own testimony. This motion is GRANTED except that plaintiff may testify himself. Plaintiff must disclose all other witnesses he intends to call at trial.

9. **Exclude testimony of racial motivation**

Defendant asks the court to bar any references to racial bias, racial motivation, or racially

charged themes, because plaintiff's claims do not include any allegations or elements of racial bias. Fed. R. Evid. 401, 403. As there are no references to racial bias in plaintiff's claims, nor evidence of bias to the court's knowledge, this motion is GRANTED.

### 10. Bar requests for discovery, references to discovery disputes, or suggestions of discovery noncompliance in the jury's presence

Defendant asks the court to bar plaintiff from:

a) requesting production of documents or information during witness examinations in the jury's presence;

b) suggesting in any testimony or argument to the jury that defendant has "hidden," "withheld," or "failed to produce" evidence; and

c) referencing discovery disputes or filings, including a previous motion to compel video footage.

Fed. R. Evid. 401, 403. This motion is GRANTED, and neither party may address discovery disputes before the jury. All such remaining disputes, if any, will be addressed by the court in advance of trial.

### 11. Bar references to violations of DOC policies as proof of constitutional violation

Defendant argues that attempts to equate noncompliance with DOC policies and procedures with a constitutional violation should be excluded as irrelevant and highly prejudicial. Fed. R. Evid. 401, 403. Defendant also request that plaintiff be required to raise the issue of whether a particular DOC policy is relevant and obtain a ruling outside

the presence of the jury before mentioning it. This motion is GRANTED to the extent that the court will determine the relevance of any particular policy or procedure before it is admitted. The motion is DENIED to the extent that defendant seeks to prohibit the introduction of all DOC policies at the outset of trial, as some policies may be relevant for the jury to consider in evaluating the objective reasonableness of defendant's behavior, rather than as direct proof of a constitutional violation. As to DOC Executive Directive #43 referenced generally in this motion, the court agrees that the entire directive may not be admissible, but will RESERVE as to whether some portion may be admissible with an appropriate, cautionary instruction.

### 12. Exclude claims that correctional staff maintain a "Code of Silence"

Defendant argues that plaintiff should be barred from generalized accusations and themes about DOC staff as a group, including any statements that staff maintain a "code of silence." Fed. R. Evid. 401, 403. This motion is GRANTED. Plaintiff may only present admissible evidence about events and statements specific to this case.

### 13. Exclude references to the prison system as corrupt, or prior, unrelated employee misconduct

Defendant requests an order barring generalized "corruption" rhetoric, references to unrelated incidents, other lawsuits, and references to other DOC employees' alleged misconduct that is not tied to the events and witnesses in this case. *Okai v. Verfuth*, 275 F.3d 606, 610–11 (7th Cir. 2001); Fed. R. Evid. 403. Because such references are not relevant and may be highly prejudicial, this motion is GRANTED as well.

### 14. Exclude opinion testimony about the credibility of witnesses

Defendant requests an order barring plaintiff from:

a) testifying that defendant or any other witness "lied," "made up" testimony, or is "not credible" as an opinion; and

b) asking witnesses whether another witness was "lying" or "telling the truth."

Fed. R. Evid. 602, 608, 701, 403. This motion is GRANTED. Neither party may offer opinions as to the credibility of other witnesses, unless they certify that they comply with Rule 608(a). Nonetheless, this ruling does not preclude closing argument by either party as to which witnesses were most credible under the evidence presented.

### 15.A. Exclude evidence or argument regarding indemnification, costs, or settlement

Defendant also requests an advance ruling precluding any mention in opening statements, witness examinations, plaintiff's testimony, or closing argument of who will pay any judgment, whether the State will indemnify defendant, fees or litigation costs, or the details or the existence of settlement communications or offers. Fed. R. Evid. 401–403, 408, 411. This motion is GRANTED, unless defendant opens the door by intimating that he is personally liable to pay such award..

### 15.B. Exclude references or comparisons to unrelated high-profile use of force incidents and current events

Defendant moves for an order precluding plaintiff from referencing, invoking, or comparing

the events in this case to unrelated high-profile incidents involving alleged excessive force or other current events involving law enforcement or government actors. This motion is GRANTED as these other events are not relevant to this case, except for appeals to common sense in closing arguments.

### 16. Exclude "golden rule" or sympathy arguments

Defendants argue that plaintiff should be prohibited from inviting jurors to decide the case based on their sympathy, prejudice, or placing themselves in a party's position. This motion is GRANTED, and any appeals for jurors to depart from their position of neutrality will be excluded.

### 17. Admit demonstrative video evidence

Defendant Kinas moves for an order permitting Defendant to use and publish to the jury two demonstrative videos depicting the opening of the cell door at issue (Cell 113, Jackson Correctional Institution) and the line-of-sight limitations from the door window, for the limited purpose of illustrating witness testimony regarding the layout and mechanics of the door. Defendant argues that any risk of confusion can be cured by a limiting instruction and by restricting argument that the video represents the incident itself, and further states that Kinas can testify that the video fairly and accurately depicts the cell door, the relevant angles, and the basic mechanics shown, sufficiently to authenticate the video. The court RESERVES ruling on this motion, and DIRECTS defendant to make sure that plaintiff is able to view these videos in advance of the final pretrial conference.

**18. Bar double recovery and for a unified compensatory damages instruction**

Defendant moves for an order precluding plaintiff from seeking or arguing for duplicative compensatory damages on the First Amendment retaliation claim and Eighth Amendment excessive force claim where both claims arise from the same alleged door contact and the same alleged injuries. *Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018). Defendant asks the court to instruct the jury accordingly and use a verdict form that permits only a single compensatory award for his injuries, if any, proximately caused by the door incident. This motion is GRANTED as to a bar for double recovery but RESERVES as to the appropriateness of a so-called "unified compensation" instruction. Instead, the court will propose liability and damages instructions, as appropriate for a bifurcated trial.

**19. Exclude "value of rights" arguments for damages**

Defendant moves for an order precluding plaintiff from seeking, presenting evidence of, or arguing for damages based on the abstract "value" or "importance" of constitutional rights, separate from any actual injury proved to have been caused by defendant's conduct. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308–10 (1986). This motion is GRANTED to extent that plaintiff is precluded from arguing for additional *compensatory* damages based on some abstract valuation of his constitutional rights. To the extent that defendant seeks to prevent a jury instruction on punitive damages, however, that motion is DENIED.

ORDER

IT IS ORDERED that defendant Ausitn Kinas's motions in limine (dkt. #58) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

Entered this 11th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge